## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHELE SAKALAS                          :
on behalf of herself and others          :
similarly situated                       :
                                         :
                 Plaintiffs,             :
                                         :
        v.                               :     3:11-CV-0546
                                         :     (JUDGE MARIANI)
WILKES-BARRE HOSPITAL CO. et al.,   :
                                         :
             Defendants                  :

## MEMORANDUM OPINION

### I.  Introduction

Before the Court is Defendants' Motion for Certification of Interlocutory Appeal and

Stay Pending Appeal (Doc. 41).  For the reasons set forth below, the Court will deny

Defendants' Motion.

### II.  Factual Allegations and Procedural History

Plaintiff filed a complaint in the Court of Common Pleas of Luzerne County,

Pennsylvania alleging that Defendants had failed to pay her overtime wages in violation of

the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101 *et seq.*  Defendants

removed on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. §§ 1453, 1711 *et seq.*  (Doc. 1).  They then moved for judgment on the

pleadings (Doc. 12).

The Court denied the motion, and Defendants then filed the present Motion for

Certification for Interlocutory Appeal. In its motion, Defendants ask that the following

question be certified for interlocutory review by the Third Circuit: "Whether the PMWA, 43

PA. CONS. STAT. §§ 333.101 *et seq.*, provides a private right of action to recover unpaid

overtime compensation." (Doc. 41, at ¶ 6). The motion has been briefed fully and is ripe for

review.

### III. Standard of Review

For a district court to certify a question of law to a Court of Appeals, the case must

(1) involve a controlling question of law; (2) as to which there is substantial ground for

difference of opinion; and (3) an immediate appeal from the order will materially advance

the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Tristani ex rel. Karnes v.*

*Richman*, 652 F.3d 360, 365 (3d Cir. 2011).

"The burden is on the party seeking certification to demonstrate that 'exceptional

circumstances justify a departure from the basic policy against piecemeal litigation and of

postponing appellate review until after the entry of a final judgment." *L.R. v. Manheim Twp.*

*Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008). A party's disagreement with an

adverse ruling of the district court is insufficient to meet that burden. *Florence v. Bd. of*

*Chosen Freeholders of Cnty. of Burlington*, 657 F. Supp. 2d 504, 507 (D.N.J. 2009). The

court may deny the motion even if all the elements are met, (*id.*) because the decision "rests

within the sound discretion of the trial court." *Manheim Twp.*, 540 F. Supp. 2d at 608.

2

## IV. Analysis

### a. Defendants' Motion for Certification of Interlocutory Appeal

There is no doubt that the question of whether the PMWA authorizes a private right of action to recover overtime wages involves a controlling question of law, and Plaintiff does not contest this. Plaintiff also does not contest the third element that an interlocutory appeal would materially advance the ultimate termination of the litigation. However, Plaintiff vigorously disputes that "there is substantial ground for difference of opinion" over whether the PMWA authorizes a private right of action for unpaid overtime compensation.

A substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard. *P. Schoenfeld Asset Mgmt. LLC. v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). Despite this Court's acknowledgment of the "force of Defendants' text-based argument" (Doc. 36 at 8) in support of their position, there is neither genuine doubt nor conflicting precedent as to the correct legal standard. In the long history of the PMWA, no court has interpreted the statute as barring recovery of unpaid overtime wages or even hinted that such a result was possible. Whether they assumed it or explicitly recognized it, courts have found uniformly that a private right of action exists. (*See* Memorandum Opinion dated August 6, 2012, Doc. 36 at 12, n.10 for a sample of cases). Further, "[v]iewing the statute in its entirety places Section 13 [the remedies provision] in its proper context" so as to avoid an unduly narrow interpretation that would lead to an unreasonable result. (*Id.* at 9, 11).

3

Defendants correctly argue that "the absence of controlling law on a particular issue can constitute 'substantial grounds'" under a certification analysis. *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, Civ. No. 05-281, 2011 WL 1044864, at \*2 (E.D. Pa. Mar. 23, 2011) (citing *Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004). However, in *Nationwide Life*, the Eastern District of Pennsylvania found that there were substantial grounds for a difference of opinion because the question of the scope of insurance coverage of "an ALTA 9 Endorsement" was one of first impression. *Id.* at \*3. The Third Circuit had not yet ruled on the issue and

> neither party has cited—nor has this Court found—any other judicial opinion, arising either on the appellate or district court level, discussing the scope of coverage of the widely-used ALTA 9 Endorsement. Indeed, the uniqueness of this matter is reflected by the American Land Title Association's listing of the case as one of the "Top Lawsuits Impacting the Title Industry." *The sheer absence of any persuasive, let along controlling, law on this issue is sufficient on its own to provide substantial grounds for difference of opinion.*

*Id.* (emphasis added) (internal citations omitted). Clearly, such is not the case here as the Court has discussed above.

## V. Conclusion

For the foregoing reasons, the Court will deny Defendants' Motion for Certification of Interlocutory Appeal and Stay Pending Appeal (Doc. 41). A separate Order follows.

Robert D. Mariani
United States District Judge

4